No. 25-40627

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

SAMUEL DAVID SANFORD, III,
*Defendant-Appellant*.

Appeal from the United States District Court
for the Southern District of Texas, Galveston Division
USDC No. 3:24-CR-15-1

# MOTION FOR LEAVE TO FILE PETITION FOR PANEL REHEARING OUT OF TIME AND TO STAY OR RECALL MANDATE

Defendant-Appellant Samuel David Sanford III, proceeding pro se and incarcerated, respectfully moves under Federal Rules of Appellate Procedure 26(b) and 41(b), Fifth Circuit Rules 27.2.4 and 41.1, and the Internal Operating Procedures following Fifth Circuit Rule 27 for leave to file his contemporaneously tendered Petition for Panel Rehearing out of time. Mr. Sanford also requests that issuance of the mandate be stayed while this motion and, if accepted, the rehearing petition are considered. If the mandate has already issued before the Court acts, Mr.

Sanford alternatively requests the limited recall of the mandate under Fifth Circuit Rule 41.2 necessary to permit consideration of those filings.

## FACTUAL BASIS

1. The Court entered its opinion and judgment on July 28, 2026. Mr. Sanford's deadline to file a petition for panel rehearing was August 11, 2026.

2. On August 8, 2026, a completed Rule 40 petition and protective extension motion were mailed to Mr. Sanford at FCI Beaumont Medium by USPS Priority Mail Express. USPS records show the packet delivered and available at the Beaumont, Texas 77720 Post Office box at 7:29 a.m. on August 10, one day before the deadline. The mailing receipt and tracking record are Exhibits A and B.

3. Mr. Sanford did not receive the packet before the deadline. On August 12, he wrote that the Rule 40 materials and backup motion had not arrived and requested, "RESEND ASAP." The original packet was later returned to the sender bearing a Beaumont rejection notice with "white envelope/white paper only" checked. The returned envelope is Exhibit C.

4. A first replacement signing packet was mailed on or about August 17 in a plain white envelope. Mr. Sanford reported on August 20 and again on August 21 that it still had not reached him. He is executing this motion promptly upon receiving this later replacement signing packet.

5. Because of his incarceration and current communication restrictions, Mr. Sanford has been unable to contact or attempt to contact counsel for the United States concerning this motion. The government's position is unknown.

## ARGUMENT

I. Good cause exists to permit the rehearing petition to be filed out of time.

Federal Rule of Appellate Procedure 26(b) and Fifth Circuit Rule 27.2.4 permit an act after the prescribed time for good cause, and the Court's Internal Operating Procedures provide that an out-of-time rehearing request is submitted to the writing judge. Good cause exists because the original filing packet reached the institution's postal destination before the deadline but did not reach Mr. Sanford and was returned; the first replacement likewise did not reach him; and he is tendering the petition promptly upon receiving this replacement. He could not sign or file papers he did not receive.

II. Limited relief concerning the mandate is warranted while the Court considers the filing request.

Federal Rule of Appellate Procedure 41(b) permits the Court to extend the time for issuance of its mandate, Fifth Circuit Rule 41.1 requires good cause for a stay in a direct criminal appeal, and Fifth Circuit Rule 41.2 permits recall of an issued mandate to prevent injustice. The same documented mailing failures justify the

limited stay or recall necessary for the Court to decide whether to accept the rehearing petition.

## RELIEF REQUESTED

Mr. Sanford respectfully requests that the Court:

1. grant leave to file the contemporaneously tendered Petition for Panel Rehearing out of time and accept it for filing;
2. if the mandate has not issued, stay its issuance until disposition of this motion and, if leave is granted, disposition of the Petition for Panel Rehearing;
3. if the mandate has already issued, recall it to the limited extent necessary to permit consideration of this motion and the Petition for Panel Rehearing;
4. grant such other procedural relief as is necessary to permit consideration of the rehearing petition.

Respectfully submitted,

[signature]

Samuel David Sanford, III
Defendant-Appellant, pro se
BOP Register No. 20874-078
FCI Beaumont Medium
P.O. Box 26040
Beaumont, Texas 77720
Date: 04 Sept 2026

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 817 words, excluding the parts exempted by Federal Rule of Appellate Procedure 32(f). It complies with the typeface and type-style requirements of Rules 32(a)(5) and 32(a)(6) because it was prepared in 14-point Goudy Old Style, a proportionally spaced typeface.

Samuel David Sanford, III

Date: 04 Sept. 2026

## DECLARATION OF NONRECEIPT

I, Samuel David Sanford III, declare under penalty of perjury:

1. I am confined at FCI Beaumont Medium.
2. I did not receive the original August 8 packet containing my Rule 40 petition and backup motion before the August 11 deadline. On August 12, I wrote that those materials had not arrived and requested that they be resent as soon as possible.
3. A first replacement Rule 40 signing packet was mailed to me on or about August 17. I did not receive it, and on August 20 and again on August 21 I wrote that the replacement materials still had not reached me.
4. As of the date I sign this declaration, I have not received either the original August 8 packet or the first replacement packet mailed on or about August 17.

5. Because I did not receive those materials, I could not timely review, sign, and file the Rule 40 petition or backup motion. I am signing these replacement papers promptly upon receiving them.

I declare under penalty of perjury that the foregoing is true and correct. See 28 U.S.C. § 1746.

Samuel David Sanford, III

Signed on: 04 Sept. 2026

## CERTIFICATE OF SERVICE

I certify that on September 8, 2026, I served a copy of the foregoing **Motion for Leave to File Petition for Panel Rehearing Out of Time and to Stay or Recall Mandate** by first-class United States mail, postage prepaid, upon:

Carmen Castillo Mitchell
Assistant United States Attorney
United States Attorney's Office
Southern District of Texas
1000 Louisiana Street, Suite 2300
Houston, Texas 77002

Elizabeth Bishop

# EXHIBIT A

USPS Priority Mail Express Receipt
Mailing Date: August 8, 2026
Tracking No. 9570114500786220307346


• Pet. for Panel Rehearing Anders
• Backup motion x4

UNITED STATES POSTAL SERVICE.

MONTGOMERY
20821 EVA ST STE H
MONTGOMERY, TX 77356-9998
www.usps.com

08/08/2026 09:43 AM

TRACKING NUMBERS
9570 1145 0078 6220 3073 46

TRACK STATUS OF ITEMS WITH THIS CODE
(UP TO 25 ITEMS)

TRACK STATUS BY TEXT MESSAGE
Send tracking number to 28777 (2USPS)
Standard message and data rates may apply

TRACK STATUS ONLINE
Visit https://www.usps.com/tracking
Text and e-mail alerts available

PURCHASE DETAILS

| Product | Qty | Unit Price | Price |
|---|---|---|---|
| CelebrationBlooms | 1 | $0.82 | $0.82 |
| PM Express Flat Rate Env | 1 | | $35.90 |
| Beaumont, TX 77720 | | | |
| Flat Rate | | | |
| Signature Waiver | | | |
| Scheduled Delivery Date Mon 08/10/2026 06:00 PM | | | |
| Money Back Guarantee | | | |
| Tracking #: 9570 1145 0078 6220 3073 46 | | | |
| Insurance Up to $100.00 included | | | $0.00 |
| Total | | | $35.90 |

Grand Total: $36.72

Credit Card Remit $36.72
Card Name: VISA

# EXHIBIT B

USPS Tracking Record
Delivery/Availability at Beaumont, Texas 77720 PO Box
August 10, 2026 at 7:29 a.m.



# EXHIBIT C

Returned USPS Priority Mail Express Envelope
FCI Beaumont Rejection Notice
"White Envelopes / White Paper Only"



No. 25-40627

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

SAMUEL DAVID SANFORD, III,
*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Texas, Galveston Division
USDC No. 3:24-CR-15-1

# PETITION FOR PANEL REHEARING

Defendant-Appellant Samuel David Sanford III, proceeding pro se, petitions for panel rehearing under Federal Rule of Appellate Procedure 40. This petition is limited to one procedural point: the panel dismissed the appeal under Anders v. California, 386 U.S. 738 (1967), without considering Mr. Sanford's pro se Anders response or deciding his motion for leave to file it out of time. The certified-mail return receipt in Mr. Sanford's records reflects delivery to the Clerk on July 28, 2026, the same day the opinion issued. The Clerk later confirmed receipt but took

no action because the opinion had already issued. Panel rehearing can cure that sequence.

## POINT WARRANTING PANEL REHEARING

The panel's July 28, 2026 opinion stated that "Sanford has not filed a response." The panel then granted appointed counsel's motion to withdraw and dismissed the appeal as presenting no nonfrivolous issue. See Op. 1-2 (Doc. 89-1). The July 28 judgment also dismissed the appeal as frivolous. See Judgment (Doc. 90).

Mr. Sanford had, however, completed and signed a Motion for Leave to File Out-of-Time Pro Se Response and an accompanying Pro Se Response to Counsel's Anders Brief and Motion to Withdraw. The certified-mail return receipt in Mr. Sanford's records reflects delivery to the Clerk on July 28, 2026. The Clerk later declined to act on the motion because the opinion had already issued. See Clerk letter dated Aug. 3, 2026, Doc. 92-3 (docket footer reflecting "Date Filed: 07/29/2026"). Thus, the leave request was never adjudicated and the Anders review proceeded without Mr. Sanford's response.

The leave motion was supported by Mr. Sanford's declaration explaining delayed personal delivery of the Anders materials; his prompt request for, and receipt of, an extension through July 1; and restrictive housing plus limited access to the record, legal papers, research, the law library, and communications during the

extended period. Those facts were offered to establish good cause for lateness, but no ruling occurred before dismissal.

This petition does not ask the panel to decide the underlying merits now. It asks the panel to consider the pro se response before determining that the appeal is wholly frivolous. The response's principal issue is concrete and record-based: at the September 29 revocation hearing, the district court asked defense counsel how Mr. Sanford pleaded to two alleged violations, and counsel answered, "He pleads true." The transcript identified in the response does not show a personal inquiry of Mr. Sanford concerning waiver of the Rule 32.1(b)(2) hearing protections. The response therefore invokes United States v. Hodges, 460 F.3d 646, 651-52 (5th Cir. 2006), which requires a knowing and voluntary waiver of Rule 32.1 rights, judged through an adequate colloquy, the totality of the circumstances, or both.

The waiver question is not merely abstract. Counsel's answer supplied the basis for treating both alleged violations as admitted, after which the district court imposed an 18-month sentence, above the 8-to-14-month Chapter 7 range. Those circumstances are offered only to demonstrate the significance of determining whether Mr. Sanford knowingly and voluntarily waived the Rule 32.1(b)(2) protections before the appeal is dismissed as wholly frivolous.

Under Anders, if the court identifies a legal point arguable on its merits, the appellant must receive the assistance of counsel to address it before the appeal is

resolved. 386 U.S. at 744. Rule 40 permits panel rehearing to address a point of law or fact that was overlooked or misapprehended, and Fifth Circuit Rule 40.1.2 makes clear that panel rehearing is for claimed errors of fact or law rather than reargument. Rehearing would permit the panel to decide the unaddressed leave request, consider the response in the Anders review, and then determine the proper disposition.

## RELIEF REQUESTED

Mr. Sanford respectfully asks the panel to grant rehearing; withdraw or vacate the July 28, 2026 opinion and judgment to the extent necessary to consider his Motion for Leave to File Out-of-Time Pro Se Response and accompanying Anders response; accept and consider those papers; and then conduct the Anders inquiry with the benefit of that response. If the panel concludes that any issue is arguable on its merits, Mr. Sanford asks that counsel be appointed or restored for adversarial merits briefing as Anders requires. Mr. Sanford does not seek rehearing en banc and does not ask this petition itself to resolve the underlying merits.

Respectfully submitted,

Samuel David Sanford, III
Defendant-Appellant, pro se | BOP Register No. 20874-078
FCI Beaumont Medium | P.O. Box 26040 | Beaumont, Texas 77720
Date: 04 Sept 2026

## CERTIFICATE OF COMPLIANCE

This petition complies with the type-volume limitation of Federal Rule of Appellate Procedure 40(d)(3)(A) because it contains 720 words, excluding the parts exempted by Federal Rule of Appellate Procedure 32(f). It complies with the typeface and type-style requirements of Rules 32(a)(5) and 32(a)(6) because it was prepared in 14-point Goudy Old Style, a proportionally spaced typeface.

______________________

Samuel David Sanford, III

Date: 04 Sept 2026

## CERTIFICATE OF SERVICE

I certify that on September 8, 2026, I served a copy of the foregoing **Petition for Panel Rehearing** by first-class United States mail, postage prepaid, upon:

Carmen Castillo Mitchell
Assistant United States Attorney
United States Attorney's Office
Southern District of Texas
1000 Louisiana Street, Suite 2300
Houston, Texas 77002



Elizabeth Bishop

# United States Court of Appeals for the Fifth Circuit

No. 25-40627
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
July 28, 2026
Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Samuel David Sanford, III,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:24-CR-15-1

Before Willett, Duncan, and Engelhardt, *Circuit Judges*.

Per Curiam:*

The attorney appointed to represent Samuel David Sanford, III, has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). Sanford has not filed a response. We have reviewed counsel's brief and the relevant portions of the record reflected therein. We concur with counsel's assessment that the appeal presents no nonfrivolous

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

issue for appellate review. Accordingly, counsel's motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the appeal is DISMISSED. *See* 5TH CIR. R. 42.2.